# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

TOBIN DOLAN, LYDIA DOLAN, TANGEE
DOLAN, DOROTHY JONES, BRIAN
RODGERS, BARBARA RODGERS, MICHAEL
SALAZAR, LINDA SALAZAR, REYNALDO
HERRERA, and KATHY VALERA,

     *Plaintiffs*,

  v.

No. _____

FEDERAL EMERGENCY MANAGEMENT
AGENCY; DEANNE CRISWELL, in her
official capacity as Administrator of the
Federal Emergency Management
Agency,

     *Defendants*.

# COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF

## INTRODUCTION

1.      Plaintiffs challenge an aspect of the final administrative rule titled "Hermit's Peak/Calf Canyon Fire Assistance," RIN 1660–AB14, issued by the U.S. Department of Homeland Security, Federal Emergency Management Agency ("FEMA") on August 29, 2023, and published in the Federal Register on August 29, 2023 (hereinafter "Rule").[1]

2.      A portion of the Rule should be set aside because it unlawfully denies victims of the Hermit's Peak and Calf Canyon Fires compensation to which they are entitled under the Hermit's Peak Fire Assistance Act ("HPFAA"). Under the HPFAA, the laws of the State of New Mexico shall apply to the calculation of damages. And under New Mexico law, wildfire victims are entitled to noneconomic damages for interference with personal comfort, annoyance, and inconvenience. But the Rule categorically denies compensation for *any* noneconomic damages, including interference with personal comfort, annoyance, and inconvenience.

---

[1]      Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. 59,730 (Aug. 29, 2023) (to be codified at 44 C.F.R. pt. 296).

3.     The aspect of the Rule that denies compensation for interference with personal comfort, annoyance, and inconvenience was not the product of reasoned decision-making: There is no evidence Defendant attempted to consider its impact on Hermit's Peak Fire victims, nor is there evidence Defendant reconciled with governing law (i.e., the plain language of the HPFAA and New Mexico law).

4.     The Rule's harmful effects are widespread: It will deny Plaintiffs and hundreds of similarly situated Hermit's Peak Fire victims hundreds of millions of dollars in collective compensation to which they are entitled under the HPFAA.

5.     Plaintiffs seek declaratory, injunctive, and other appropriate relief against FEMA to preclude it from categorically denying compensation to Hermit's Peak Fire victims for noneconomic damages for interference with personal comfort, annoyance, and inconvenience.

## JURISDICTION & VENUE

6.     This Court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, and 28 U.S.C. §§ 1346 and 2671 because a United States agency is a defendant.

7.     This Court has jurisdiction under 5 U.S.C. §§ 701–706, and 28 U.S.C. § 2201–2202, because this action is brought by persons adversely affected by agency action, and seeks to right a legal wrong due to agency action as set forth in 5 U.S.C. §§ 701 and 702. Defendant's issuance of the Rule on August 29, 2023, constitutes a final agency action subject to judicial review under 5 U.S.C. §§ 704 and 706. And the Rule shows an actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a). Accordingly, this Court has jurisdiction to grant declaratory relief, injunctive relief, and/or other relief pursuant to 5 U.S.C. §§ 701–706, and 28 U.S.C. §§ 2201–2202.

8.     Venue is proper in this Court under 5 U.S.C. § 703 and 28 U.S.C. § 1391(e)(1)(B)–(C) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, a substantial part of property that is the subject of the action is situated in this judicial district, and/or Plaintiffs reside in this judicial district.

## PARTIES

9.     Plaintiffs TOBIN DOLAN, LYDIA DOLAN, TANGEE DOLAN, and
DOROTHY JONES currently reside in Rociada, New Mexico. Before the
Hermit's Peak Fire, Tobin and Lydia resided in a single-family home on
their own parcel on a 14-acre piece of land they jointly owned for over
25 years with Tangee (Tobin's mother), and Dorothy (Tobin's
grandmother), each of whom resided in their own respective single-
family homes on their own separate parcels of the same 14-acre piece of
land. Tobin, Lydia, and Dorothy resided there for approximately 25
years before the fire; Tangee resided there for approximately 15 years.
Tobin and Lydia (both in their mid-50s), Tangee (age 77), and Dorothy
(age 98) all intended to reside in their respective homes for the
remainder of their lives. The Hermit's Peak Fire destroyed their homes
with virtually all their personal possessions inside. Currently, Tobin,
Lydia, Tangee, and Dorothy share a small apartment while they wait to
rebuild. As a direct and proximate result of the Hermit's Peak Fire,
Tobin, Lydia, Tangee, and Dorothy have suffered and continue to suffer
significant interference with personal comfort, annoyance, and
inconvenience beyond the economic cost of their lost property.

10.     Plaintiffs BRIAN RODGERS and BARBARA RODGERS currently reside in Sapello, New Mexico. Before the Hermit's Peak Fire, Brian and Barbara resided in a custom single-family home on a large 241-acre plot of beautiful forest for approximately 25 years. Their property featured a large fishing pond and greenhouse, which they used for food sources. Every Memorial Day, Brian and Barbara hosted a weekend-long camping event on their property for friends and family, and had an event stage and outdoor kitchen facilities constructed for that purpose. The Hermit's Peak Fire destroyed their home with virtually all their personal possessions inside, along with the many other improvements Brian and Barbara made to their land. Currently, Brian (age 69) and Barbara (age 70) reside in a travel-trailer while they wait to rebuild their home. Brian and Barbara have suffered and continue to suffer significant interference with personal comfort, annoyance, and inconvenience beyond the economic cost of their lost property.

11.     Plaintiffs MICHAEL SALAZAR and LINDA SALAZAR currently reside in Rociada, New Mexico. Before the Hermit's Peak Fire, Michael and Linda lived in the same single-family home in Rociada for 14 years. Their home sat on a large, 105-acre plot with abundant, mature trees,

which they owned. The Hermit's Peak Fire destroyed their home with virtually all their personal possessions inside. The fire also destroyed the many majestic trees on their land. Ever since, Michael and Linda— now in their late-50s—have been living out of a travel trailer on their now vacant lot with no running water. As a direct and proximate result of the Hermit's Peak Fire, Michael and Linda have suffered and continue to suffer significant interference with personal comfort, annoyance, and inconvenience beyond the economic cost of their lost property.

12.    Plaintiffs REYNALDO HERRERA and KATHY VALERA reside near El Pino, New Mexico. Before the Hermit's Peak Fire, Reynaldo and Kathy lived together in a large single-family home near Rociada for five years; Reynaldo had grown up in the home and lived there for many decades. The home featured a separate guest house for friends and family, and a barn. The Hermit's Peak Fire destroyed their home and barn with virtually all their personal possessions inside. Immediately after the fire, Reynaldo (age 75) and Kathy (age 69) resided in a friend's cabin near their property, but flooding from the vegetation-stripped lands damaged the cabin and surrounding land, forcing them to relocate

yet again. As a direct and proximate result of the Hermit's Peak Fire, Reynaldo and Kathy have suffered and continue to suffer significant interference with personal comfort, annoyance, and inconvenience beyond the economic cost of their lost property.

13.    Defendant FEMA is an executive agency of the United States government, and bears responsibility in whole or part for the acts or omissions complained of in this complaint, including promulgating the Rule. Under the HPFAA, FEMA is directed to receive, process, and pay claims in accordance with the HPFAA.[2]

14.    Defendant DEANNE CRISWELL is FEMA's duly-appointed and Senate-confirmed administrator, and bears responsibility in whole or part for the acts or omissions complained of in this complaint, including promulgating the Rule. Criswell is sued only in her official capacity as FEMA administrator. Subsequent references to "FEMA" include both FEMA and Criswell unless otherwise noted.

---

[2]    *See* Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(2), 136 Stat. 2168, 2170 (2022).

## BACKGROUND

**1.   The federal government enacted the HPFAA to compensate victims of the Hermit's Peak Fire.**

15.   On April 6, 2022, the U.S. Forest Service initiated a prescribed burn on federal land in the Santa Fe National Forest in San Miguel County, New Mexico. The prescribed burn got out of control, resulting in a wildfire ("Hermit's Peak Fire") that spread to adjacent, non-federal land.[3]

16.   The President declared the Hermit's Peak Fire "a major disaster," and Congress found that it forced evacuations of, damaged, or destroyed state, local, tribal, and private property in Colfax, Mora, and San Miguel counties in New Mexico.[4]

17.   Congress determined that "the United States should compensate the victims of the Hermit's Peak Fire."[5]

---

[3]   *Id.*, § 102(a)(1)–(4), 136 Stat. at 2168.

[4]   *Id.*, § 102(a)(5)–(6), (9), 136 Stat. at 2168–69.

[5]   *Id.*, § 102(a)(10), 136 Stat. at 2169.

18.     On September 30, 2022, Congress enacted—and the

President signed—the HPFAA.[6]

19.     The HPFAA's stated purpose is "to compensate victims of the

Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire."[7]

20.     Congress allocated $3.95 billion to compensate victims of the

Hermit's Peak Fire under the HPFAA.[8]

**2.     The HPFAA entitles claimants to compensation for interference with personal comfort, inconvenience, and annoyance.**

21.     The HPFAA states that claimants are entitled to "payment

under this Act" for "actual compensatory damages."[9]

---

[6]     Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. at 59,731.

[7]     Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 102(b)(1), 136 Stat. 2168, 2169 (2022).

[8]     FEMA, FAQ: Hermit's Peak/Calf Canyon Fire Assistance Act Final Rule (Aug. 28, 2023), https://www.fema.gov/fact-sheet/faq-hermits-peakcalf-canyon-fire-assistance-act-final-rule#:~:text=The%20Hermit%27s%20Peak%2FCalf%20Canyon,major%20concerns%20from%20the%20community.

[9]     Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

22.     The HPFAA repeatedly invokes New Mexico law to define the scope of damages recoverable under the Act. First, the HPFAA flatly states "the laws of the State of New Mexico shall apply to the calculation of damages."[10] Second, the HPFAA expressly incorporates the definition of a compensable "injury" from the FTCA, which in turn compensates "claimant[s] in accordance with the law of the place where the act or omission occurred."[11]

---

[10]     *Id.*, § 104(c)(2), 136 Stat. at 2170; *see also* 44 C.F.R. § 296.21(a) ("The laws of the State of New Mexico will apply to the calculation of damages.").

[11]     Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(1), 136 Stat. 2168, 2170 (2022) ("Each injured person shall be eligible to receive from the United States compensation for injury suffered by the injured person as a result of the Hermit's Peak/Calf Canyon Fire."); *id.*, § 103(5), 136 Stat. at 2169 ("The term 'injury' has the same meaning as the term 'injury or loss of property, or personal injury or death' as used in section 1346(b)(1) of title 28, United States Code."); 44 C.F.R. § 296.4 ("'Injury' [under the HPFAA] means 'injury or loss of property, or personal injury or death,' as used in the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1)."); 28 U.S.C. § 1346(b)(1) (making "the United States" liable "for money damages … under circumstances where … a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred"].)

23.     Under New Mexico law, a wildfire that damages or disrupts the real or personal property of a "considerable number of people" is a "nuisance."[12]

24.     And under New Mexico law, nuisance victims are entitled to noneconomic damages for interference with personal comfort, annoyance, and inconvenience *in addition to* their economic losses.[13]

25.     Accordingly, under the HPFAA, FEMA must award claimants noneconomic damages for interference with personal comfort, annoyance, and inconvenience.

---

[12]     *City of Sunland Park v. Harris News, Inc.*, 124 P.3d 566, 577 (N.M. Ct. App. 2005); *New Mexico v. Gen. Elec. Co.*, 335 F. Supp. 2d 1185, 1239–41 (D.N.M. 2004).

[13]     *Aguayo v. Village of Chama*, 449 P.2d 331, 333 (N.M. 1969) ["[T]he rule [for nuisance claims] is that … personal damages [for discomfort, annoyance, etc.] are recoverable in addition to, or separate from, damages for diminution in rental or use value."]; *Padilla v. Lawrence*, 685 P.2d 964, 969 (N.M. Ct. App. 1984) ("A plaintiff in a private nuisance action may seek compensation for interference with personal comfort as well as for diminution in property value."); *see also* N.M. Const., art. II, § 4 ("All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness.").

3.    **FEMA's final rule unlawfully refuses to award claimants compensation for interference with personal comfort, inconvenience, and annoyance.**

26.    The HPFAA directed FEMA to administrate claims under the Act, and to "publish in the Federal Register … regulations for the processing and payment of claims under this Act."[14]

27.    On August 29, 2023, FEMA published its "Final rule"—i.e., the Rule—in the Federal Register.[15]

28.    The Rule unequivocally states that, as a categorical matter, FEMA will not award *any* noneconomic damages, including interference with personal comfort, annoyance, and inconvenience. Specifically, the Rule states the "allowable damages [under the HPFAA] excludes noneconomic damages," and thus that the HPFAA "does not authorize FEMA to provide noneconomic damages for nuisance and trespass, such as "'annoyance, discomfort, and inconvenience.'"[16]

---

[14]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 103(a)(1), 136 Stat. 2168, 2169 (2022); *id.*, § 104(f)(1), 136 Stat. at 2173.

[15]    Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. 59,730.

[16]    Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. at 59,743–59,744; *see also id.* at 59,744 ("The Act does not provide for non-economic damages for nuisance and trespass.").

29.    But nothing in the HPFAA indicates that noneconomic damages in general—or damages for interference with personal comfort, annoyance, and inconvenience in particular—are excluded from the damages recoverable under the HPFAA.

30.    To the contrary, the HPFAA states that claimants are entitled to "payment under this Act" for "actual compensatory damages."[17]

31.    And under New Mexico law, and the common law generally, "actual compensatory damages" includes economic *and* noneconomic damages.[18]

---

[17]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

[18]    *Morga v. Fedex Ground Package Sys., Inc.*, 420 P.3d 586, 596 (N.M. Ct. App. 2018) (recognizing the "jury's right to .... award all compensatory damages, including any non-economic damages"); *e.g.*, *Guilford v. Weidner Investment Services, Inc.*, 522 P.3d 1085, 1099 (Alaska 2023) ("The term 'actual damages' does not distinguish between economic and non-economic damages, but between 'proven injury or loss' and exemplary damages such as punitive damages or treble damages."); *Gorsich v. Double B Trading Co., Inc.*, 893 P.2d 1357, 1363 (Colo. App. 1994) ("'Actual damages' include non-economic damages as well as economic damages."); *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895, 904 (Ill. 2010) ("The sum of noneconomic and economic damages constitute[s] 'compensatory damages.'"); *Miller v. Johnson*, 289 P.3d 1098, 1112 (Kan. 2012) ("After all, noneconomic damages are a subset of compensatory damages."), *abrogated on other grounds by*

32.    Moreover, the only recoveries the HPFAA expressly excludes are "interest before settlement or payment of a claim," and "punitive damages."[19]

33.    Those are illuminating caveats: Prejudgment interest *is* often considered an element of "compensatory damages."[20] By contrast,

---

*Hilburn v. Enerpipe Ltd.*, 442 P.3d 509 (Kan. 2019); *Gourley v. Neb. Methodist Health Sys., Inc.*, 663 N.W.2d 43, 80 (Neb. 2003) (Gerrard, J., concurring) ("There are two separate types of compensatory damages, economic and noneconomic."); *Bailets v. Pennsylvania Tpk. Comm'n*, 181 A.3d 324, 329 (Pa. 2018) ("[A]ctual damages must include compensation for noneconomic damages."); *Meals v. Ford Motor Co.*, 417 S.W.3d 414, 420 (Tenn. 2013) ("A plaintiff is also entitled to recover compensatory damages for non-economic loss or injury."); *Hancock v. Variyam*, 400 S.W.3d 59, 65 (Tex. 2013) ("Actual or compensatory damages ... include general damages (which are non-economic damages such as for loss of reputation or mental anguish) and special damages (which are economic damages such as for lost income)."); *Beasley v. GEICO Gen. Ins. Co.*, 517 P.3d 500, 516 (Wash. Ct. App. 2022) ("'[A]ctual damages' includes noneconomic damages.").

[19]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3)(B), 136 Stat. 2168, 2170 (2022).

[20]    *Gallo v. Dep't of Banking & Fin.*, 749 So.2d 582, 584 (Fla. Dist. Ct. App. 2000) ("The common law in Florida is that prejudgment interest is an element of compensatory damages."); *Old Republic Ins. Co. v. Ross*, 180 P.3d 427, 437 (Colo. 2008) ("Prejudgment interest in a personal injury case is an element of compensatory damages, 'awarded to compensate the plaintiff for the time value of the award eventually obtained against the tortfeasor.'" (quoting *Allstate Ins. Co. v. Starke*, 797 P.2d 14, 19 (Colo. 1990))).

punitive damages are not typically considered actual compensatory damages.[21]

34.    The fact Congress expressly excluded items that are (prejudgment interest) and *are not* (punitive damages) typically considered actual compensatory damages—but did not expressly exclude noneconomic damages—is further confirmation Congress did not intend to exclude them.

35.    Accordingly, contrary to the plain text and stated aim of the HPFAA, and New Mexico law, the Rule unlawfully denies claimants compensation for interference with personal comfort, annoyance, and inconvenience.

## COUNT I
### (Violation of APA; 5 U.S.C. § 706—Contrary to Law)

36.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

---

[21]    *E.g., Skipper v. S. Cent. Bell Tel. Co.*, 334 So.2d 863, 866 (Ala. 1976) ("Actual damages include all except that category called punitive, vindicative, or exemplary; they are the equivalent of compensatory damages.").

37.    The APA requires courts to "hold unlawful and set aside" agency action that is "not in accordance with law."[22]

38.    FEMA is an "agency" under the APA.[23]

39.    The Rule constitutes "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court."[24]

40.    The Rule is not in accordance with the law because the HPFAA entitles claimants to noneconomic damages for interference with personal comfort, annoyance, and inconvenience, and the Rule categorically refuses to award those same damages.

41.    FEMA's contrary interpretation of the law is unsupported by any authority. Indeed, it is contrary to the plain text and stated aim of the HPFAA and New Mexico law.

42.    The Rule harms Plaintiffs and other similarly situated Hermit's Peak Fire victims by depriving them of compensation to which they are entitled under the HPFAA.

---

[22]    5 U.S.C. § 706(2)(A).

[23]    5 U.S.C. § 551(1).

[24]    5 U.S.C. §§ 551(4), (13), 704.

43.    By promulgating the Rule, FEMA has acted contrary to law, and is thus in violation of the APA. The Rule is therefore invalid and should be set aside.

## COUNT II
## (Violation of APA; 5 U.S.C. § 706—Exceeded Statutory Authority)

44.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

45.    The APA requires courts to "hold unlawful and set aside" agency action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."[25]

46.    The Rule is in excess of FEMA's statutory jurisdiction, authority, and limitations: The HPFAA requires FEMA to award claimants compensation for interference with personal comfort, annoyance, and inconvenience, and Congress allocated funds for that purpose. By choosing to categorically withhold compensation for interference with personal comfort, annoyance, and inconvenience, the Rule exceeds FEMA's statutory authority and infringes on Congress's power to enact legislation and allocate funds for designated purposes.

---

[25]    5 U.S.C. § 706(2)(C).

47.     By promulgating the Rule, FEMA has acted in excess of its statutory jurisdiction, authority, and limitations under the HPFAA. The Rule is therefore invalid and should be set aside.

## COUNT III
**(Violation of APA; 5 U.S.C. § 706—Arbitrary, Capricious, and Abuse of Discretion)**

48.     All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

49.     The APA requires courts to "hold unlawful and set aside" agency action that is "arbitrary," "capricious," or an "abuse of discretion."[26]

50.     The Rule is arbitrary, capricious, and an abuse of discretion: FEMA offers no reasoned explanation for misconstruing and ignoring the plain text and stated aim of the HPFAA, as well as New Mexico law. FEMA offers no substantial justification for refusing to award claimants compensation for interference with personal comfort, annoyance, and inconvenience beyond its own patently erroneous interpretation of the HPFAA and New Mexico law. FEMA failed to consider the impact of its

---

[26]     5 U.S.C. § 706(2)(A).

refusal to award claimants compensation for interference with personal comfort, annoyance, and inconvenience on the many victims of the Hermit's Peak Fire.

51.    FEMA's arbitrary and capricious abuse of discretion harms Plaintiffs and other similarly situated Hermit's Peak Fire victims by depriving them of compensation to which they are entitled under the HPFAA.

52.    By promulgating the Rule, without a proper factual or legal basis, Defendants have acted arbitrarily and capriciously, have abused their discretion, have otherwise acted not in accordance with law, and have taken unlawful action in violation of the APA. The Rule is therefore unlawful and should be set aside as arbitrary and capricious under 5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

Wherefore Plaintiffs respectfully request that this Court:

1.  Issue a declaratory judgment that the Rule is arbitrary and capricious and/or not in accordance with law insofar as it refuses to compensate noneconomic damages for interference with personal comfort, annoyance, and inconvenience, and that Defendants acted in excess of statutory authority in promulgating the Rule;

2.  Issue an order vacating and setting aside the portion of the Rule that refuses to compensate noneconomic damages for interference with personal comfort, annoyance, and inconvenience in accordance with the APA;

3.  Issue an order enjoining Defendants from categorically withholding, denying, or refusing to award noneconomic damages when awarding compensation under the HPFAA;

4.  Award Plaintiffs costs and reasonable attorney's fees; and

5.  Grant such other relief as the Court deems just and proper.

Dated: October 17, 2023                Respectfully submitted:

SINGLETON SCHREIBER, LLP

*/s/ Benjamin I. Siminou*

Gerald Singleton (CA 208783;
application pending)
Benjamin I. Siminou (CA 254815)
591 Camino de la Reina, Ste 1025
San Diego, CA 92108
(619) 704-3288
*gsingleton@singletonschreiber.com*
*bsiminou@singletonschreiber.com*

Brian Colón (NM 14624)
Vern Payne
Jacob Payne (NM 142971 )
6501 Americas Pkwy. NE, Ste. 670
Albuquerque, NM 87110
(505) 587-3473
*bcolon@singletonschreiber.com*
*vpayne@singletonschreiber.com*
*jpayne@singletonschreiber.com*

ROTHSTEIN DONATELLI LLP

*/s/ Marc M. Lowry*

Marc M. Lowry
500 4th St. NW, Ste. 400
Albuquerque, NM 87102
(505) 243-1443
*mlowry@rothsteinlaw.com*

Counsel for Plaintiffs TOBIN
DOLAN, LYDIA DOLAN, TANGEE
DOLAN, DOROTHY JONES, BRIAN
RODGERS, and BARBARA RODGERS

22

Dated: October 17, 2023                Respectfully submitted:

WATTS GUERRA, LLP

*/s/ Jon Givens*
Mikal M. Watts
Guy Watts
Jon Givens (TX SBN pending)
875 East Ashby Pl., Ste. 1200
San Antonio, TX 78212
*mcwatts@wattsguerra.com*
*gwatts@wattsguerra.com*
*jgivens@wattsguerra.com*


LOVELL HOFFMAN LAW, PLLC

*/s/ Joe L. Hovell*
Joe L. Lovell (NM 150854)
Hannah L. Rivera (NM 160054)
112 S.W. 8th Avenue, Suite 900
Amarillo, Texas 79101-2314
(806) 376-8903
*joe@lovellhoffman.com*
*hannah@lovellhoffman.com*

Counsel for Plaintiffs MICHAEL
SALAZAR, LINDA SALAZAR,
REYNALDO HERRERA, and KATHY
VARELA