IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TOBIN DOLAN; LYDIA DOLAN; TANGEE DOLAN; DOROTHY JONES; BRIAN RODGERS; MICHAEL SALAZAR; LINDA SALAZAR; REYNALDO HERRERA; and KATHY VALERA,

    Petitioners,

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY; DEANNE CRISWELL, in her official capacity as Administrator of the Federal Emergency Management Agency,

    Respondents.

No. 1:23-cv-908-JB-JFR

**RESPONDENTS' REPLY IN SUPPORT
OF MOTION TO ALTER OR AMEND JUDGMENT**

HOLLAND S. KASTRIN
Acting United States Attorney

Nicholas M. Sydow
Jena Ritchey
Assistant United States Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87103
(505) 224-1460
nicholas.sydow@usdoj.gov
jena.ritchey@usdoj.gov

*Attorneys for Respondents*

The Court's Memorandum Opinion and Order incorporates New Mexico law beyond the express scope of the HPCC Act,[1] which, in Section 104(c)(2), limits such incorporation to the calculation of those damages listed in Section 104(d)(4). This overly broad incorporation resulted in the Court making factual findings, beyond the scope of the Administrative Record, to determine whether the Forest Service's actions related to the HPCC Fire constituted nuisance or trespass torts under New Mexico law. The *Dolan* Petitioners do not defend either the Court's interpretation of Section 104(c)(2) or the Court's factual findings. Instead, Petitioners largely reassert their arguments from the merits briefing, which do not refute the grounds for Respondents' requested reconsideration or revision of the Opinion.

First, the *Dolan* Petitioners do not contest that the Administrative Record lacks evidence to support the Court's factual findings. The alternative arguments that Petitioners offer in support of the Opinion are incorrect. The HPCC Act does not concede negligence. Nor are prescribed burns nuisances or ultrahazardous activities, given the contrary statutory and common law. Second, instead of defending the Court's interpretation of Section 104(c)(2), Petitioners double down on their interpretation of the HPCC Act from the merits briefing. Petitioners' reasserted argument that a purposes clause and the Act's definition of injury combine to incorporate New Mexico law was correctly rejected by the Court. Finally, the *Dolan* Petitioners argue that the Opinion's relief provisions are unproblematic and do not merit revision. Petitioners do not, however, explain what portions—if any—of the Rule the Opinion invalidates. Nor do Petitioners explain how compelling FEMA to pay Petitioners' noneconomic damages, as opposed to process claims in accordance with the Act, is available relief under Section 706(1) of the APA. In total,

---

[1] The Hermit's Peak/Calf Canyon Fire Assistance Act ("HPCC Act" or "Act"), P.L. 117-180, div. G, 136 Stat. 2114.

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page 1

the *Dolan* Petitioners' response does not refute the grounds offered by Petitioners for revising or amending the Court's Opinion.

### I.   Petitioners Do Not Defend the Court's Factual Findings Underlying Its Determinations That the HPCC Fire Was a Nuisance and Trespass

The *Dolan* Petitioners do not offer a defense of the Court's factual findings that the Forest Service was negligent, reckless, and engaged in an ultrahazardous activity when conducting the prescribed burn that became the Hermit's Peak Fire. Resps.' Mot. Alter or Amend J. ("Motion"), Doc. No. 62, at 5–8. Nor do the *Dolan* Petitioners defend the Court's factual findings as supported by record evidence or contend that these factual questions were litigated by the parties. Motion at 8–9. For instance, Petitioners offer no authority to support the conclusion that the Forest Service's actions were reckless—that is, that employees engaged in "the intentional doing of an act with utter indifference to the consequences." N.M. Civ. UJI 13-1827 NMRA; Mem. Op. & Order ("Mem. Op."), Doc. 60 at 57 (quoting same).

Instead, Petitioners argue that "neither this Court (nor FEMA) needs to make any factual findings" because "the HPFAA *presupposes* that [the] fire was caused by negligent conduct of a Government employee." Pls.' Resp. Mot. Alter or Amend J. ("Response"), Doc. 64 at 10 (emphasis in original). This is both incorrect and in conflict with the Court's Opinion, which is predicated on factual findings regarding the Forest Service's handling of the Fire. *See* Mem. Op. at 50 (concluding that the HPCC Act "waives FEMA's sovereign immunity … because it states that the Plaintiffs can recover damages that are available under New Mexico State law" and under such law, "the [HPCC] Fire constitutes nuisance and trespass torts…."); Mem. Op. at 56–58, 67–68 (making factual findings to conclude that the HPCC Fire was a nuisance and trespass).

The Court relied on these factual findings because, contrary to Petitioners' contention, the HPCC Act itself does not contain a finding of negligence. Most fundamentally, the plain

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page 2

language of the HPCC Act does not mention negligence, notwithstanding its numerous findings on other issues. HPCC Act, § 102(a)(1)–(10). The Act's finding that the "Forest Service initiated the Las Dispensas-Gallinas prescribed burn … when erratic winds were prevalent in the area that was also suffering from severe drought," *id.*, § 102(a)(1), does not establish negligence or that the burn would have been prohibited under New Mexico law. Response at 8–9. New Mexico law only stated that a private landowner did not have a right to conduct a prescribed burn "when the state forester or a county or municipality issues restrictions prohibiting a prescribed burn because of drought conditions." N.M. Stat. Ann. § 68-5-3(B) (2021). The finding's description of weather conditions also does not answer whether a reasonable person would have conducted a prescribed burn in these conditions, given the available alternatives including risks of inaction. *See* Motion at 8–9 (describing lack of record evidence to support factual findings regarding negligence and recklessness).

The Act's finding that "the U.S. Forest Service has assumed responsibility for the [HPCC] Fire," HPCC Act, § 102(a)(8), also is not a finding of negligence but an acknowledgment that the Forest Service's actions contributed to the fire and that the United States would provide certain compensation for its damages. Had Congress wished to state in the HPCC Act that the Government was negligent, it would have done so expressly. *See GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 440 (2020) ("[I]n general, 'a matter not covered is to be treated as not covered'—a principle 'so obvious that it seems absurd to recite it.'" (quoting A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 93 (2012)). An "absent provision cannot be supplied by the courts." Scalia & Garner, Reading Law at 94.

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page **3**

Nor does the HPCC Act's definition of "injury" include a finding of negligence. Petitioners argue that the Act "defines 'injury' for purposes of compensation as 'loss of property … caused by the negligent or wrongful act or omission of any employee of the Government….'" Response at 9 (quoting 28 U.S.C. § 1346(b)). This is incorrect. 28 U.S.C. § 1346's language regarding a "negligent or wrongful act or omission" was not part of the clause incorporated into the HPCC Act's definition of injury. HPCC Act, § 103(5) (defining "injury" as having "the same meaning as the term 'injury, or loss of property, or personal injury or death' as used in [28 U.S.C. § 1346(b)(1)]."). Further, even if such language had been incorporated into the HPCC Act, defining an "injury" as a loss of property, personal injury, or death "caused by the negligent … act" would still require FEMA to determine whether a claimant's damages were caused by a government employee's negligent act—not presuppose negligence through a statutory definition. Therefore, the HPCC Act's language does not contain a finding of negligence or recklessness that can sustain the Court's factual findings.

Petitioners next argue that a fire can be a nuisance or trespass under the common law and that such a finding is not foreclosed by New Mexico statutory law. Response at 4–8. To begin, even if Petitioners were correct, the *possibility* that a fire can be a nuisance or trespass does not establish that the HPCC Fire was a nuisance or trespass based on a factual record. Further, the Court relied on a test for private nuisance that was not argued by the parties. Motion at 7; Mem. Op. at 55–56. Although Petitioners now offer cases from other jurisdictions to show that a fire can be a nuisance or trespass at common law, these cases are not dispositive as to whether the handling of the HPCC Fire could support these torts under New Mexico law.[2]

---

[2] In addition, almost all of the jurisdictions to which Petitioners point require at least a finding of negligence before determining that a fire can be a nuisance or trespass. *Exports, Inc. v. Black Hills Power, Inc.*, No. CV 07-5017-AWB (D.S.D. Jan. 29, 2008) ("South Dakota law provides a

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page **4**

With respect to nuisance, New Mexico statutory law is dispositive that "[p]rescribed burning is considered in the public interest and not a public or private nuisance." N.M. Stat. § 68-5-3(A). Petitioners attempt to rebut this plain language by arguing first that the statute should be construed narrowly because it is a limitation on tort liability. Response at 6. Where the statute's language is as plain and unambiguous as this, however, no interpretive principles are needed. *Albuquerque Bernalillo County Water Util. Auth. v. N.M. Pub. Reg. Comm'n*, 2010-NMSC-013, ¶ 52, 148 N.M. 21, 39, 229 P.3d 494, 512 ("Statutory language that is clear and unambiguous must be given effect. Only if an ambiguity exists will we proceed further in our statutory construction analysis." (internal quotation marks and citations omitted)). Petitioners' narrowing construction of the statute as only exempting smoke and ash from the scope of a nuisance, Response at 7–8, is not based on Section 68-5-3's plain language, which speaks in categorical terms regarding prescribed burns and nowhere mentions smoke and ash. Further, even if this statute were ambiguous, the New Mexico Legislature's determination that "[p]rescribed burning is in the public interest," N.M. Stat. § 68-5-3(A) (2021), indicates a legislative intent to apply legal protections for prescribed burns broadly. *See App. of PNM Elec. Servs., Div. of Pub. Serv. Co. of N.M.*, 1998-NMSC-017, ¶¶ 13–14, 125 N.M. 302, 305, 961 P.2d 147, 150 ("broadly and liberally construing the Public Utilities Act to effect the Legislature's articulated policies" where the Act contains a "stated policy … that the public interest … require[s] the regulation of utilities so that service is available at just and fair rates").

---

nuisance cause of action against a public utility … when the *negligent* conduct of that utility extends outside the realm of its statutory authority." (emphasis added)); *Martin v. Union Pac. R. Co.*, 474 P.2d 739, 740 (Or. 1970) ("We hold that the invasion in the present case resulting from defendants' *negligent* conduct constituted a trespass." (emphasis added)); *Elton v. Anheuser-Busch Beverage Grp., Inc.*, 50 Cal. App. 4th 1301, 1307, 58 Cal. Rptr. 2d 303, 307 (1996), *as modified* (Dec. 11, 1996) ("When *negligently* inflicted with resulting actual damage, [a fire] may constitute a trespass." (emphasis added)).

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page **5**

The other provisions of New Mexico's Prescribed Burning Act do not support that prescribed burns can be nuisances. Response at 7–8. First, Section 68-5-3(B) does not limit the scope of subsection (A)'s statement that prescribed burns are not nuisances; it describes when a private landowner has a right to conduct a prescribed burn.[3] Second, even if subsection (B) did in some way limit the exclusion of prescribed burns from nuisance law, there are no factual findings to support that the conditions restricting the right to conduct controlled burns existed here—i.e., that a government issued prohibitions on prescribed burns because of drought conditions. N.M. Stat. Ann. § 68-5-3(B) (2021). Third, Section 68-5-4 supports a *negligence* claim—and then only for property and personal injury damages—based on a prescribed burn in some circumstances, not a nuisance or trespass claim. N.M. Stat. Ann. § 68-5-4(A) (establishing liability for property and personal injury damages if a private landowner "was negligent in starting, controlling, or extinguishing the prescribed burn").

Finally, Petitioners contend that the Court's factual findings will not deter the use of prescribed burns any more than existing New Mexico law. Response at 11. The Court's finding that prescribed burns are ultrahazardous and carry strict liability, Mem. Op. at 58, however, is a stark rebuke of the New Mexico Legislature's determination that prescribed burns are "in the public interest" and not a nuisance at all. N.M. Stat. Ann. § 68-5-3(A); *see also* N.M. Energy, Minerals & Nat. Res. Dep't, Fact Sheet, H.B. 57 (2021) (describing Prescribed Burning Act as effort to encourage use of prescribed burns).[4] By expanding liability for prescribed burns, the

---

[3] Petitioners also base their argument on a version of Section 68-5-3 from 2023 that post-dates the HPCC Fire and the HPCC Act. The later version added an exclusion from the right to conduct prescribed burns where a red flag warning has been declared. Response at 7 (describing version of N.M. Stat. § 68-5-3(B) as amended by 2023 N.M. Laws, Ch. 88, § 1).

[4] https://www.emnrd.nm.gov/sfd/wp-content/uploads/sites/4/PrescribedBurningActFactSheet011921.pdf. *See also* N.M. Energy, Minerals & Nat. Res. Dep't, "Prescribed Burning," https://www.emnrd.nm.gov/sfd/prescribed-

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page **6**

Court's ruling will discourage their use. *See* Weir et al., "Liability and Prescribed Fire: Perception and Reality," 72 Rangeland Ecology & Mgmt. 534 (2019) (describing connection between liability standards for prescribed burns and willingness to conduct such burns).[5]

### II. Petitioners Reassert Their Interpretation of the HPCC Act Rather Than Defend the Court's Interpretation of Section 104(c)(2)

Rather than explaining why the Court's incorporation of New Mexico tort law through Section 104(c)(2) of the HPCC Act is correct, the *Dolan* Petitioners reassert their interpretation of the Act from their merits briefing—including those elements rejected by the Court. Response at 12–13. Specifically, Petitioners argue that the HPCC Act incorporates New Mexico law through a combination of the Act's "purposes" provision stating that it is intended "to compensate victims of the [HPCC] Fire, for injuries resulting from the fire" and the Act's definition of "injury" as having "the same meaning as the term 'injury or loss of property, or personal injury or death' as used in [28 U.S.C. § 1346(b)(1)]." HPCC Act, §§ 102(b)(1), 103(5). The "Court dispose[d] with the Plaintiffs' argument" on this point, concluding that the "Act's explicit incorporation of a single word 'injury' does not support implicit incorporation of a capacious waiver of sovereign immunity." Mem. Op. at 80.

Petitioners also reassert their criticisms of Respondents' interpretation of the HPCC Act. First, Petitioners contend that Section 104(d)(4) must be a supplementary damages provision because FEMA concedes it includes "categories of damages that would not be available under New Mexico law." Response at 14.[6] FEMA makes no such concession. In fact, many categories

---

burning/ (describing New Mexico's prescribed burn certification program and efforts to encourage prescribed burns).

[5] https://agrilife.org/kreuter/files/2020/01/Liability-and-Prescribed-fire_Perception-and-reality.pdf

[6] Petitioners also argue that for the same reason, Respondents' interpretation would "render the reference to New Mexico law in section 104(d)(4) superfluous." Response at 18. There is no

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page 7

of damages under Section 104(d)(4) are available under New Mexico law. *See, e.g.,* HPCC Act, §§ 104(d)(4)(A)(ii) (decrease in value of real property, recognized at N.M. Civ. UJI 13-1814 NMRA); 104(d)(A)(iii), (v) (damage to physical infrastructure and cost of reforestation, recognized as cost of repair at N.M. Civ. UJI 13-1813 NMRA); 104(d)(4)(B)(v) (loss of business net income, recognized in *Sunnyland Farms, Inc. v. Cent. N.M. Elec. Coop., Inc.*, 2013-NMSC-017, ¶¶ 25–39, 301 P.3d 387, 396–98 (affirming award of lost business profits for negligence tort); 104(d)(4)(C)(iii) (temporary living or relocation expenses, recognized as rental value of similar property during repair period at N.M. Civ. UJI 13-1818 NMRA). FEMA's comment that Section 104(d)(4) includes damages not available under New Mexico law, Response at 14 (quoting), is referencing one category of risk reduction damages in Section 104(d)(4)(C)(vii), not the entirety of damages listed in Section 104(d)(4). 88 Fed. Reg. 59730, 59757 (Aug. 29, 2023).

Additionally, Petitioners repeat their criticisms of Respondents' interpretation of the HPCC Act as atextual and resulting in superfluous provisions. Response at 15–18. These arguments were already briefed at the merits stage, Resp. Br. Merits Petrs.' APA Challenge to HPCC Act Final Rule ("Resp. Br."), Doc. 51, at 17–23, but Respondents offer a few brief points in response. Petitioners do not rebut Respondents' explanation that Section 104(d)(4) can serve as an exclusive basis for damages because its reference to "otherwise uncompensated" damages means damages compensable under other laws or programs, not other parts of the HPCC Act. Motion at 15–16. They also do not rebut Respondents' interpretation of the term "allowable" damages as being exclusive, not open-ended. Motion at 16–17. While Petitioners reassert that the

---

reference to New Mexico law in Section 104(d)(4). Rather, once you have allowable damages under Section 104(d)(4), Section 104(c)(2) directs that the amount of such damages to be calculated pursuant to New Mexico law. For example, New Mexico law could be used to calculate, under N.M.UJI-Civ. 13-1820 NMRA, the cost of a risk reduction project even though risk reduction damages are not available under New Mexico tort law.

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page **8**

phrase "may include" in Section 104(d)(4) suggests a non-exclusive list of allowable damages, Response at 16–17, much of Petitioners' authority for this argument concerns the general meaning of the term "include." In the context of a preceding "may," followed by a list with a final catch-all category, and a reference to those damages that are "allowable," Section 104(d)(4) should be construed as an exclusive list. *See* Resp. Br. at 21 (providing these arguments in more detail); *Navajo Nation v. Dalley*, 896 F.3d 1196, 1212–16 (10th Cir. 2018) (interpreting the Indian Gaming Regulatory Act's list of topics that Tribal-State compacts "may include" as exclusive and not expanded by a broad catch-all provision); *Pueblo of Pojoaque v. Biedscheid*, 689 F. Supp. 3d 1033, 1120–23 (D.N.M. 2023) (Browning, J.) (same).

Nor does Respondents' interpretation of the HPCC Act render Sections 102(b)(1) and 103(5) superfluous. Response at 17–18. These provisions are not operative parts of the Act, but a purposes clause and a definition, respectively. *See Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 19 (1981) ("a general statement of 'findings' … is too thin a reed to support the rights and obligations read into it by the court below"). Moreover, these provisions are not meaningless in Respondents' statutory interpretation. Section 102(b)(1) expresses Congress' intent as to one of the purposes of the Act. Section 103(5) provides the Act's definition of "injury", which is employed in the Act's operative provisions. *See* Resp. Br. at 18 (listing provisions using definition of "injury" to help define scope of available damages).

Finally, Respondents' reading of Section 104(d)(4) as defining the scope of "allowable damages" under the HPCC Act does not "render section 104(c)(3) superfluous." Response at 18. Section 104(c)(3)'s exclusion of non-compensatory damages, interest, and punitive damages limits those damages that would otherwise be available within the categories of damages in Section 104(d)(4). The calculation of damages under New Mexico law could otherwise include

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page **9**

nominal damages, N.M.UJI-Civ. 13-1832 NMRA, punitive damages for reckless tortfeasors, N.M.UJI-Civ. 13-1827 NMRA, and pre-judgment interest. N.M. Stat. Ann. § 56-8-4(B).

As discussed in the Motion, Respondents' interpretation of the HPCC Act's damages provision not only tracks most closely the statutory language, it also offers the most administrable claims processing system. Motion at 14–15. Petitioners seek to rebut this argument by contending that the HPCC Act "effectively concedes negligence for purposes of claims processing" and thus claims administrators need not assess the validity of a claimant's tort claim. Response at 19. This misreads the Act, which does not mention, let alone concede, negligence. *See supra* pp. 2–4. And if there were an admission of negligence in the Act, it still would not support the recklessness or ultrahazardous findings relied upon by the Court. Lastly, presupposing negligence would require FEMA to determine which state-law claims could be supported by a finding of negligence for each claimant (including nuisance and trespass), the available damages for such claims, and the causation of damages attributable to each tort before calculating the amount of any such damages. In total, the claims administrator would need, as Petitioners describe, to determine the Government's liability "to the same extent as a private, negligent party would be liable to the claimants under New Mexico law." Response at 19. Respondents' interpretation of the Act avoids both the need for these determinations and the factual inquiry conducted by the Court as to the Forest Service's handling of the HPCC Fire.

### III. Respondents' Request for Clarification of the Court's Relief Provisions Is Warranted

Petitioners do not refute the need for clarification of the Opinion's relief provisions. First, Petitioners do not explain which portion of 44 C.F.R. 296 the Opinion sets aside. Petitioners instead argue that agency actions outside of a regulation's text can be challenged under the APA.

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page 10

Response at 20.[7] Respondents do not dispute this general principle, but the observation that an APA claim may challenge actions other than a final rule does not answer the Motion's question of which, if any, provisions in 44 C.F.R. 296 are invalidated by the Court's ruling.

Second, Petitioners do not address the Motion's argument that any order directing FEMA to pay noneconomic damages, as opposed to processing claims for such damages, is beyond the scope of 5 U.S.C. § 706(1) because there is no discrete, mandatory duty to pay such damages that can be compelled. Motion at 19–20. Nor do Petitioners address the ambiguity as to whether the Opinion directs FEMA to pay noneconomic damages or to process claims and award noneconomic damages where the other requirements of the HPCC Act have been met. Motion at 18–19; *see also* Mem. Op. at 97 ("compel[ling] FEMA to award noneconomic damages for the Plaintiffs' claims" but "see[ing] no sound reason to remand the Plaintiffs' claims to FEMA for further determination"). Rather, Petitioners argue that the Court's relief is administrable. They contend that FEMA "need only … [u]ndertake the inherently difficult task of attaching a monetary value to intangible injuries based on the facts of each individual case." Response at 21 (internal quotation marks and citation omitted).

This focus on calculating noneconomic damages overlooks the other tasks FEMA would be called upon to do under the Court's interpretation of Section 104(c)(2). Unlike categories of "allowable damages" predetermined in the Act, asking "FEMA to compensate claimants as if [the] Government were a private, negligent party in New Mexico," Response at 20, would require the Agency to determine which valid tort claims a claimant would have and the damages

---

[7] Petitioners assert, without any evidence or support, that "FEMA may have strategically omitted" the policy of not providing noneconomic damages "from the *Code of Federal Regulations*." Response at 20. The Response offers nothing to substantiate this allegation, which is contrary to FEMA's explanations during the rulemaking process of the available damages under the HPCC Act. *See* 88 Fed. Reg. at 59743–44 (responding to comments regarding the availability of noneconomic damages).

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page **11**

available under each such claim. For example, if a claimant had a property affected by smoke but not fire and who claims emotional distress damages under a nuisance claim, FEMA would need to determine whether smoke can sustain a nuisance claim, whether emotional distress damages are available for a nuisance claim, whether the claimant was emotionally distressed by smoke exposure, and the amount of any such damages. Respondents' interpretation of the Act avoids such complexities. But regardless of how the Act's provisions incorporating New Mexico law are interpreted, amending the Opinion would help clarify how any order to award noneconomic damages should be implemented.

## CONCLUSION

For these reasons, Respondents respectfully request that the Court, pursuant to Federal Rule of Civil Procedure 59(e), alter or amend its judgment in the respects outlined in the Motion. *See* Motion at 20–21.

Respectfully submitted,

HOLLAND S. KASTRIN
Acting United States Attorney

 */s/ Nicholas M. Sydow 4/15/25*
Nicholas M. Sydow
Jena Ritchey
Assistant United States Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87103
(505) 224-1460
nicholas.sydow@usdoj.gov
jena.ritchey@usdoj.gov
**Attorneys for Respondents**

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page 12

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on April 15, 2025, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

                                      */s/ Nicholas M. Sydow 4/15/25*
                                      Nicholas M. Sydow
                                      Assistant United States Attorney

Reply in Support of Motion to Alter or Amend Judgment Under FRCP 59
*Dolan v. FEMA*, 1:23-cv-908-JB-JFR
Page **13**